[No. 8047.]

## RIGGIO v. THE PEOPLE.

Defendant convicted of grand larceny upon evidence not sufficient to raise a respectable suspicion. Judgment reversed.

*Error to Las Animas District Court.*—Hon. A. WATSON McHENDRIE, Judge.

Mr. EARL COOLEY, and Mr. D. S. DELAPPE, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. NORTON MONTGOMERY, Assistant Attorney General; for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiff in error was charged with and convicted of the larceny of four horses, the property of John Rosenbaugh. Rosenbaugh resided on a ranch about eight miles from the city of Trinidad. The horses were turned into his pasture on the evening of September 29th, 1912. The following morning the gate to the pasture was found to be open, and the horses gone. Rosenbaugh summoned some of his neighbors and the sheriff, and proceeded to make a search.

The party discovered tracks which they believed to be those of the missing horses, and followed these to the town of Aguilar. By means of the tracks and from information given by some person who had seen the horses, they were discovered about eight or ten miles west of Aguilar. When found the horses were hobbled, but not near, or in the possession of any person.

About two miles from where the horses were afterward found, the party met the defendant Riggio, who was traveling in a spring wagon drawn by one horse. These were known to be his own property. The party made in-

quiry of Riggio, and he said he had seen horses of similar description, at about the point where they were found. The defendant at the time had some cheese in his spring wagon.

There was not the slightest testimony that Riggio was at any time in possession of either of the horses, or near any one of them.

The testimony upon the part of the people does not even create a respectable suspicion of the defendant's guilt. He resides near Trinidad, and shows beyond question, that he went to a house beyond the point where the horses were found, remained all night, procured the cheese and when met by Rosenbaugh, was taking it toward Trinidad, where he afterward disposed of it.

One witness testifies that he saw the horses in possession of two persons, but in no manner attempts to connect the defendant as being one of these.

The defendant at the close of the people's evidence moved for an instructed verdict. This should have been granted.

The judgment is reversed.

MUSSER, C. J., and GARRIGUES, J., concur.